### EZRA COFFEY v. THE STATE.

No. 4699.   Decided November 28, 1917.

Rehearing granted January 16, 1918.

**1.—Aggravated Assault—Automobile—Statutes Construed.**

Where defendant was charged with the offense of aggravated assault by running an automobile into and against another automobile in which the injured party was seated, inflicting upon her serious bodily injuries, and the Act of the Thirty-fifth Legislature with reference to the collision of vehicles on the highway had not yet taken effect; held, defendant must be tried under the general law of assault. Following Perkins v. State, 62 Texas Crim. Rep., 508.

**2.—Same—Want of Intent to Injure—Collision of Vehicles.**

Where, upon trial of aggravated assault by means of collision of automobiles, the transaction seemed to have been an accident brought about by the negligence of the defendant, but without intent to do so, he could not be convicted under article 1022, Branch Ann. P. C.; the Act of 1917, chapter 207, with reference to the collision of vehicles not yet being in effect at the time of the injury, but which is indicative of the legislative view that an accidental occurrence under the facts of this case could not be aggravated assault.

Appeal from the Criminal District Court of Dallas No. 2. Tried below before the Hon. C. A. Pippen.

Appeal from a conviction of aggravated assault; penalty. a fine of five hundred dollars.

The opinion states the case.

*Wood & Wood,* for appellant.—Cited Ward v. State, 68 Texas Crim. Rep., 154, 151 S. W. Rep., 1073.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Ths conviction was for aggravated assault. Appellant was tried before the court without a jury. There are no bills of exception in the record.

There were two counts; the first attempted to charge an aggravated assault upon a female by an adult male. This count was defective in failing to allege the date of the offense within the period of limitation. The second count charged the offense to have been committed by running an automobile into and against another automobile in which the injured party was seated, inflicting upon her serious bodily injury.

It is suggested in the brief and record that this is an attempt to prosecute under section 35 of chapter 207 of the Acts of the Thirty-fifth Legislature, page 484, which declares an injury resulting from a collision between motor vehicles on the public highways of the State, brought about by gross negligence, shall be an aggravated assault. This position is, we think, not tenable, as the Act in question was not approved until April 9, 1917, and did not become effective until July 1, 1917, while this prosecution begun in January, 1917. It is under the general law by which assault becomes aggravated when serious bodily injury is inflicted upon the person assaulted. Art. 1022, subdiv. 7, Branch's Ann. P. C., p. 931. It is in the class with Perkins v. State, 62 Texas Crim. Rep., 508, wherein the offense was committed by running against the injured party with a buggy and horse, inflicting serious bodily injury.

Appellant sought a motion for new trial on the ground that there was no intent to inflict the injury proved. In this character of offense the absence of intent is, generally speaking, defensive. Vernon's P. C., art. 1009, p. 564; and the evidence in this case disclosing that appellant inflicted upon the party named in the indictment a serious bodily injury, the intent will be presumed in the absence of evidence to the contrary of which there is none introduced. Thompson v. State, 89 S. W. Rep., 1081.

The judgment of the lower court is affirmed.

*Affirmed.*

### ON REHEARING.

#### January 16, 1918.

MORROW, Judge.—Reconsidering this case, we are of opinion that we were wrong in affirming it. The evidence, we think, does show want of intent on the part of appellant to commit an assault. The collision between his automobile and that in which the injured party was riding appears to have been an accident brought about by the negligence of appellant, but without intent to do so, and we were mistaken in concluding that under the statute defining assault and battery and aggravated assault, in force at the time of the occurrence, the appellant was guilty of the offense charged. Perkins v. State, 62 Texas Crim. Rep., 508; Ward v. State, 68 Texas Crim. Rep., 154, 151 S. W. Rep., 1075.

Section 35 of the Act of 1917, chapter 207, is as follows: "If any driver or operator of a motor vehicle or motorcycle upon the public highways of this State shall wilfully or with gross negligence, collide with, or cause injury to any other person upon such highway, he shall be held guilty of aggravated assault, and shall be punished accordingly, unless such injuries result in death, in which event said party so offending shall be dealt with under the general law of homicide."

This Act became effective subsequent to the time that the injury

upon which this prosecution is based occurred, and is indicative, we think, of the legislative view that the statutes on aggravated assault previously existing would not embrace an accidental occurrence such as that upon which this prosecution is founded.

For these reasons the motion for rehearing is granted, the judgment affirming the case set aside, and the judgment of the lower court reversed and the cause remanded.

*Reversed and remanded.*